22511

The STATE, Respondent v. Paul SCHMIDT, Appellant.

(342 S. E. (2d) 401)

Supreme Court

*John L. Sweeny* of *Hudson & Sweeny,* Myrtle Beach, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard March 10, 1986.

Decided March 31, 1986.

HARWELL, Justice:

Appellant Schmidt was convicted of criminal sexual conduct with a minor in the first degree and sentenced to thirty years in prison. He contends that the trial court's limitation of his examination of witnesses and refusal to allow his proffer of testimony prevented fair trial. We reverse and remand for a new trial.

The minor child alleged that Schmidt made sexual advances toward her when she was six years old. Approximately two years elapsed between the alleged incident and the child's first report of it. Prior to trial, the court granted the State's motion to preclude any testimony, on direct or cross examination, concerning hard feelings between the child's family and Schmidt's family. The court ruled that such testimony would be irrelevant. Schmidt argued that he could establish the existence of a "vendetta" which stemmed from an extramarital affair between the child's mother and him. Schmidt specifically sought to introduce threats which the child's father made against Schmidt prior to the time

the child made her allegation. At the close of the State's case, Schmidt attempted to proffer testimony outside the presence of the jury regarding threats made by the child's father. Again, the court ruled that it was irrelevant and refused to allow the proffer.

The Sixth Amendment rights to notice, confrontation, and compulsory process guarantee that a criminal charge may be answered through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence. These basic rights are applicable to the states through the due process clause of the Fourteenth Amendment. The Amendment essentially "constitutionalizes" the right to present a defense in an adversary criminal trial. *Faretta v. California*, 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975). Schmidt contends that the trial court's pretrial ruling denied him the right to raise the "vendetta" issue, thereby violating his right to present a defense and entitling him to a new trial. We agree.

Ordinarily, this Court will not review alleged error of the exclusion of testimony unless a proffer of testimony is properly made on the record. *State v. Roper*, 274 S. C. 14, 260 S. E. (2d) 705 (1979). However, where the trial court refuses to allow the proffer, but we can determine from the record, as here, what the testimony was intended to show, we will address the merits. *See State v. Lynn*, 277 S. C. 222, 284 S. E. (2d) 786 (1981).

Evidence is relevant if it tends to establish or to make more or less probable some matter in issue upon which it directly or indirectly bears. *Associate Management v. E. D. Sauls Construction Company*, 279 S. C. 219, 305 S. E. (2d) 236 (1983). Evidence which assists a jury at arriving at the truth of an issue is relevant and admissible unless otherwise incompetent. *Toole v. Salter*, 249 S. C. 354, 154 S. E. (2d) 434 (1967). Schmidt planned to introduce evidence of the "vendetta" to establish motive, bias, and prejudice on the part of the alleged victim and her family. This evidence was clearly relevant and should have been admitted.

Schmidt's entire defense at trial was that he did not commit the alleged act and that the child's story was con-

cocted by her parents because of a "vendetta" against him. Clearly, the trial court's ruling on the motion to limit the testimony and its refusal to allow Schmidt's proffer of testimony effectively denied Schmidt a fair and impartial trial because he was not allowed to present his defense. Schmidt's conviction therefore is reversed and the case is remanded for a new trial.

In light of our ruling on this issue, it is not necessary for us to review Schmidt's remaining contentions.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.