24292

The STATE, Respondent v. Kenneth SINGLETON, Appellant.

(460 S.E. (2d) 573)

Supreme Court

---

*Fred Henderson Moore* and *Herman L. Moore,* both of *Moore & Moore,* Charleston, and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs,* Columbia, and *Sol. David P. Schwacke,* North Charleston, *for respondent.*

Heard May 2, 1995.

Decided Aug. 7, 1995.

BURNETT, Justice:

Kenneth Singleton appeals his conviction for driving a moped while under the influence of alcohol and/or drugs (DUI). We affirm.

## FACTS

Singleton was arrested and charged with driving a moped while under the influence of alcohol and/or drugs. While Singleton was being booked into the detention facility, the booking officer found cigarette rolling papers and green plant material in Singleton's pockets and gave them to the arresting officer who deposited the evidence in a heat-sealed bag and locked the bag in an evidence cabinet. An evidence custodian later removed the bag from the cabinet to analyze the substance. It tested positive for marijuana and was subsequently destroyed pursuant to Circuit Court Order.

In the course of Singleton's trial, the trial judge charged the jury that a moped is a vehicle as contemplated by S.C. Code Ann. § 56-5-2930 (1991), thus making it illegal to drive a moped while under the influence of alcohol and/or drugs. After deliberating for thirty minutes, the jury advised the trial judge that they were unable to reach a verdict. The judge delivered an *Allen*[1] jury instruction and encouraged the jurors to take more time to deliberate, to re-examine their

---

[1] *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

views, and to avoid a mistrial by reaching a unanimous verdict. The fury deliberated further and convicted Singleton.

At the request of Singleton's counsel, the jury was polled. During polling, one of th jurors answered as follows:

> [CLERK]: [Juror], was this your verdict?
> [JUROR]: Yes.
> [CLERK] Is it still your verdict?
> [JUROR]: No.
> [THE COURT]: What did he say?
> [CLERK]: He said no.
> [THE COURT]: Go back in your jury room to continue your deliberations. I'm told this was a unanimous verdict. Is this your verdict?
> [JUROR]: It is now.
> [THE COURT]: And it's still your verdict?
> [DEFENSE COUNSEL]: Your Honor, I think. . . .
> [THE COURT]: Wait a minute now. I'm asking you—I think you misunderstood. The verdict of the jury as announced to me is guilty. Is that your verdict too?
> [JUROR]: Yes.
> [THE COURT]: And is it still your verdict?
> [JUROR]: Yes.
> [THE COURT]: Proceed to poll the jury. Go ahead.

The verdict stood after the polling.

## ISSUES

I. Did the trial judge err in charging that a moped is a vehicle under the DUI statute?

II. Did the trial judge abuse his discretion during the supplemental instruction and jury polling?

III. Was the chain-of-custody of the marijuana established?

## DISCUSSION

### I. *Is a Moped a Vehicle?*

Singleton was convicted under the DUI statute, which makes it unlawful for any person to drive any vehicle while under the influence of alcohol and/or drugs. S.C. Code Ann. § 56-5-2930 (1991). The provisions of Chapter 5 of Title 56 govern the operation of mopeds on the public high-

ways and streets. S.C. Code Ann. § 56-5-50 (Supp. 1994). Accordingly, we conclude the General Assembly intended the DUI statute to embrace the driving of a moped and the trial judge did not err in charging that a moped is a vehicle as contemplated by the DUI statute.

Singleton relied upon statutes involving vehicle registration, licensing of drivers, and liability insurance in contending that a moped is not a motor vehicle. We conclude that, although exempted from registration, licensing, and insurance requirements, mopeds are within the purview of the DUI statute.

## II. *Did the Trial Judge Abuse His Discretion?*

Singleton contends the trial judge made inappropriate comments in the *Allen* instruction and intimidated a juror during polling. We disagree.

The trial judge has a duty to urge the jury to reach a verdict but he may not coerce them. *State v. Lynn*, 277 S.C. 222, 284 S.E. (2d) 786 (1981); *State v. Pulley*, 216 S.C. 552, 59 S.E. (2d) 155 (1950). It is not coercion when a trial judge instructs the jury that failure to reach a verdict will require a new trial at additional expense,[2] or states that every juror has a right to his own opinion and need not give it up merely for the purpose of reaching agreement.[3] Moreover, the trial judge must be satisfied that the verdict is unanimous. If it is made known to the court when it is time to render the verdict that any juror does not assent to it, the verdict cannot be received and the jury should retire to their room until they have agreed. *State v. Linder*, 276 S.C. 304, 278 S.E. (2d) 335 (1981).

We conclude that Singleton failed to establish that the judge's comments during the supplemental instruction were coercive. Further, the manner of polling was appropriate to ensure that the juror did not misunderstand the verdict and to confirm that the verdict was unanimous. *See State v. Roper*, 274 S.C. 14, 260 S.E. (2d) 705 (1979) (the manner of polling is within the court's discretion). Accordingly, since Singleton was not prejudiced by either the supplemental instruction or the manner of polling, there was no abuse of discretion by the trial judge.

---

[2] *State v. Ayers*, 284 S.C. 266, 325 S.E. (2d) 579 (Ct. App. 1985).
[3] *State v. Hale*, 284 S.C. 348, 326 S.E. (2d) 418 (Ct. App. 1985).

### III. *Was the Chain-of-Custody of the Marijuana Established?*

The party offering evidence must trace possession of the substance and what was done with it from the time it was taken until final analysis. *State v. Cribb,* 310 S.C. 518, 426 S.E. (2d) 306 (1992); *accord, Raino v. Goodyear Tire and Rubber,* 309 S.C. 255, 422 S.E. (2d) 98 (1992); *State v. Sarvis,* 265 S.C. 144, 217 S.E. (2d) 38 (1975). In addition, if the evidence possesses exculpatory value that is apparent before its destruction, its disposal constitutes a denial of due process. *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed. (2d) 281 (1988); *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed. (2d) 413 (1984); *State v. Jackson,* 302 S.C. 313, 396 S.E. (2d) 10 (1990).

Here, the record establishes the chain-of-custody of the marijuana from the time it was taken form Singleton until its final analysis, and Singleton failed to establish that the destroyed evidence was exculpatory. We further conclude that the officers were acting in good faith and in accord with normal procedures when destroying the marijuana after analysis. *See Arizona v. Youngblood, supra* (bad faith on part of police must be established in order for the destruction of potentially useful evidence to constitute a denial of due process); *California v. Trombetta, supra* (no due process violation when normal practice is to discard evidence after analysis). Accordingly, Singleton was not prejudiced by the destruction of the evidence.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.