THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jabbar Hart,       
Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-359
Submitted March 19, 2004  Filed June 
 4, 2004

AFFIRMED

 
 
 
C. Rauch Wise, of Greenwood, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General David Spencer, all of Columbia; 
 and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Jabbar Hart (Appellant) appeals 
 his conviction for two counts of distribution of cocaine, contending the trial 
 court erred in admitting the cocaine into evidence due to alleged flaws in the 
 chain of custody.  We affirm pursuant to Rule 220(b)(2), SCACR and the following 
 authorities:  State v. Carter, 344 S.C. 419, 544 S.E.2d 835 (2001) (holding 
 evidence concerning the chain of custody should establish the chain as far as 
 practicable, but need not negate all evidence of tampering as long as the chain 
 is complete; in applying this rule, courts have found the evidence inadmissible 
 only where there is a missing link because the identity of those who handled 
 the specimen was not established as far as practicable; however, if the identity 
 of those who handled the specimen is established, evidence regarding its care 
 goes only to the weight of the evidence, not its admissibility); State v. 
 Singleton, 319 S.C. 312, 317, 460 S.E.2d 573, 576 (1995) (The party offering 
 evidence must trace possession of the substance and what was done with it from 
 the time it was taken until final analysis.); State v. Williams, 297 
 S.C. 290, 376 S.E.2d 773 (1989) (stating the admission of evidence requiring 
 a chain of custody is discretionary with the trial judge and will not be reversed 
 absent an abuse of that discretion).
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.