610 S.E.2d 809

**The STATE, Respondent,**

v.

**Gary James LONG, Jr., Petitioner.**

**No. 25955.**

Supreme Court of South Carolina.

Heard Feb. 15, 2005.
Decided March 21, 2005.

David I. Bruck, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor Cecil Kelley Jackson, of Sumter, for Respondent.

Justice PLEICONES:

We granted certiorari to review a Court of Appeals' decision holding that, pursuant to S.C.Code Ann. § 56–5–2946 (Supp. 2004), a law enforcement officer may require, without first offering a breath test, a person charged with felony driving under the influence (Felony DUI)[1] to submit to a chemical test of his blood. *State v. Long,* Op. No.2003–UP–111 (S.C. Ct.App. filed February 12, 2003). We affirm.

## FACTS

Following a single-car accident, petitioner (Driver) and his two passengers were transported to a hospital. One of the passengers died as a result of injuries received. Around 4 a.m., several hours after Driver arrived at the hospital, a blood sample was taken at the behest of a law enforcement officer.

At trial, Driver objected to the introduction of the results of this blood test since he alleged he had neither been offered a breath test nor had a licensed medical personnel determined that he was unable to give a breath sample. Driver relied upon the general implied consent statute,[2] which provides "the person must first be offered a breath test ... [unless] the person is physically unable to provide an acceptable breath sample because he has an injured mouth, is unconscious or dead, or for any other reason considered acceptable by the licensed medical personnel ...." before a blood sample may be taken. § 56–5–2950(a). The State contended, and the trial judge agreed, that the specific statute applicable to individuals suspected of Felony DUI, § 56–5–2946, obviated the requirement of § 56–5–2950(a) that a breath test be offered or be deemed unavailable, before a blood test is ordered. The test

1. S.C.Code Ann. § 56–5–2945 (Supp.2004).

2. S.C.Code Ann. § 56–5–2950 (Supp.2004).

result was admitted, and on appeal, the Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err in holding that § 56–5–2946 altered the prerequisites for ordering a blood test of individuals charged with Felony DUI?

## ANALYSIS

■ The general implied consent statute was rewritten by 1998 Act No. 434, § 7. Section 6 of that same act created § 56–5–2946. We are not asked today to determine all the changes wrought by § 56–5–2946, but only whether this statute alters the general requirement that an officer offer a breath test or obtain a medical opinion that such a test is not feasible before offering a blood test. We hold that it does.

Pursuant to § 56–5–2950, a person driving a motor vehicle in South Carolina is deemed to have consented to a chemical test of his breath, blood, or urine if arrested for an offense arising out of acts alleged to have been committed while under the influence of alcohol, drugs, or a combination of the two. § 56–5–2950(a). The arresting officer must first assure the individual is offered a breath test, unless "licensed medical personnel" deems such a test unacceptable. In that case, the officer may request a blood test. *Id.* The officer must notify the individual of his right to independent testing, and provide affirmative assistance to assist in arranging such testing. *Id.*

Section 56–5–2950(a) also prescribes certain technical testing requirements, such as requiring an accurate simulator test be performed before the breath test is administered, and that blood and urine samples be obtained by medical personnel. This section also provides civil and criminal immunity to those administering the tests or obtaining the samples in most situations.

Part (b) of § 56–5–2950 provides for certain evidentiary presumptions based upon the alcohol concentrations shown by the tests. Part (c) deems an unconscious person or one otherwise unable to refuse to have been informed as provided by part (a). Part (d) requires the individual be given a written

report giving the times and results of tests, and requires him to furnish results of his independent test to the arresting officer if the driver intends to rely upon that test result as evidence. Part (e) provides for judicial or administrative review of regulations, and for the exclusion of evidence if these regulations are not complied with, and part (f) permits fees to be assessed for certain services.

Section 56–5–2946 is entitled "Submission to testing for alcohol or drugs," and applies only to persons believed to have committed Felony DUI. This statute begins with "Notwithstanding any other provision of law, a person must submit" to chemical tests to determine alcohol concentration when he is suspected of Felony DUI. The second paragraph of § 56–5–2946 provides, "The tests must be administered at the direction of a law enforcement officer ... A person who is tested or gives samples must be notified of his right to independent tests."

These two paragraphs essentially alter the procedural prerequisites which must be met under § 56–5–2950 before an officer may order a blood test for a Felony DUI suspect. Under § 56–5–2946, the officer need no longer offer a breath test as the first option, nor must he obtain a medical opinion that such a test is not feasible before ordering a test or sample.

Driver contends that § 56–5–2946 retains all the requirements of § 56–5–2950. This contention is based upon § 56–5–2946's third paragraph, which provides:

The provisions of Section 56–5–2950, relating to the administration of tests to determine a person's alcohol concentration, additional tests at the person's expense, the availability of other evidence on the question of whether or not the person was under the influence of alcohol, drugs, or a combination of them, availability of test information to the person or his attorney, and the liability of medical institutions and persons administering the tests **are applicable to this section** and also extend to the officer requesting the test, the State or its political subdivisions, or governmental agency, or entity which employs the officer making the request, and the agency, institution, or employer, either governmental or private, of persons administering the tests.

Notwithstanding any other provision of state law pertaining to confidentiality of hospital records or other medical records, information regarding tests performed pursuant to this section must be released, upon subpoena, to a court, prosecuting attorney, defense attorney, or law enforcement officer in connection with an alleged violation of Section 56–5–2945.

■ We disagree with Driver's interpretation of this paragraph. The legislature is presumed to intend that its statutes accomplish something. *E.g., S.C. Coastal Conserv. League v. S.C. DHEC,* 354 S.C. 585, 582 S.E.2d 410 (2003). Driver's reading of the statute, to duplicate the requirements of § 56–5–2950, renders § 56–5–2946 virtually meaningless. Driver's construction violates the rule that a statute is presumed to have meaning, and ignores the language of the statute itself.

We hold that paragraph three of § 56–5–2946 incorporates the technical testing requirements of § 56–5–2950(a). The paragraph also makes clear that the release from liability provisions of § 56–5–2950(a) apply to persons acting pursuant to § 56–5–2946, incorporates other informational requirements of § 56–5–2950(d), and provides for the applicability of the evidentiary rules found in § 56–5–2950(b) and (e). The Court of Appeals was correct in affirming the trial court's ruling that the officer was not required to offer a breath test or receive a medical opinion before ordering Driver's blood test.

## CONCLUSION

A law enforcement officer can order a person suspected of Felony DUI to submit to any chemical test without first offering a breath test. The decision of the Court of Appeals is

AFFIRMED.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.