616 S.E.2d 718

**The STATE, Appellant,**

v.

**Sergio Lopez CUEVAS, Respondent.**

**No. 4002.**

Court of Appeals of South Carolina.

Heard May 11, 2005.
Decided June 20, 2005.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Appellant.

Andrew J. Johnston, of Spartanburg, for Respondent.

CURETON, A.J.:

The State appeals the trial court's suppression of Sergio Cuevas's breath test results. We reverse and remand for trial.

## FACTS

On August 18, 2001, Cuevas was the driver of a vehicle involved in a two-car accident, which left his victim with a

broken leg. Officers gave Cuevas the implied consent warnings for felony DUI, as required by section 56–5–2945 of the South Carolina Code (Supp.2004). However, the officers did not advise Cuevas of his right to refuse the breath test.

Cuevas was indicted for driving under the influence resulting in great bodily injury and leaving the scene of an accident in which injury resulted. Cuevas made a pre-trial motion to suppress the results of his breath test. The trial court granted the motion because Cuevas was not afforded the right to refuse the breath test. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, an appellate court sits to review errors of law only and is bound by factual findings of the trial court unless they are clearly erroneous. *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001). A trial court's ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant. *State v. Adams*, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct.App.2003). The appellate court should examine the record to determine whether there is any evidence to support the trial court's ruling. If there is any evidence in the record, the appellate court should affirm. *Wilson*, 345 S.C. at 6, 545 S.E.2d at 829.

## LAW/ANALYSIS

### I.

The State claims the trial court erred in suppressing Cuevas's breath test results because, under section 56–5–2946 of the South Carolina Code (Supp.2004), Cuevas does not have a right to refuse a breath test when charged with felony DUI. We agree.

Section 56–5–2950(a) of the South Carolina Code (Supp. 2004), originally enacted in 1993, but rewritten by Act No. 434, 1998 S.C. Acts § 7 and amended most recently in August 2003, provides a person suspected of driving under the influence with the right to refuse "chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs." Also, the arresting officer must first offer a breath

test in writing before administering any other tests. *Id.* Additionally, Section 56–5–2953(A)(2)(b) of the South Carolina Code (Supp.2004) provides that a person who violates section 56–5–2945 [1] must have his conduct at the breath test site videotaped, including being informed of the right to refuse the test.

In June 1998, in conjunction with Act 434, the legislature enacted section 56–5–2946 of the South Carolina Code (Supp. 2004), which states the following in regard to felony DUI:

> Notwithstanding any other provision of law, a person *must* submit to either one or a combination of chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol, drugs, or a combination of alcohol and drugs if there is probable cause to believe that the person violated or is under arrest for violation of Section 56–5–2945.

(emphasis added).

The trial court found a conflict between sections 56–5–2953 and 29–5–2946. The trial court concluded section 56–5–2953 specifically states a suspect must be advised of his right to refuse the breath test, and section 56–5–2953 should not be read to give a suspect a right, while 56–5–2946 takes that right away. Finally, the court reasoned section 56–5–2946 could be reconciled with 56–5–2953 by concluding that if Cuevas refused the breath test, the arresting officer could have required him to submit to one of the other tests.

■ At oral argument, Cuevas conceded that the arresting officer, not the suspect, has the right to select the test to be administered to the suspect. Section 56–5–2946 clearly states, "a person must submit to either one or a combination of chemical tests of his breath, blood, or urine...." We therefore conclude pursuant to the plain language of section 56–5–2946, an arresting officer may require a suspect to submit to all three tests without affording the suspect the right to refuse any of them.

---

**1.** Section 56–5–2945 of the South Carolina Code (Supp.2004) provides that any person while under the influence of alcohol or drugs that drives a vehicle and engages in any act forbidden by law and the act results in great bodily injury or death to another person is guilty of a felony.

■ In *State v. Long*, 363 S.C. 360, 363, 610 S.E.2d 809, 811 (2005), our Supreme Court held although the "technical testing requirements" of section 56–5–2950 are incorporated into section 56–5–2946, section 56–5–2946 "essentially alter[ed] the procedural prerequisites which must be met under section 56–5–2950...." The court concluded 56–5–2950 afforded Long no legal right to refuse a breath test before requiring him to submit to a blood test. *Id.* Moreover, according to *Long*, "the officer need no longer offer a breath test as the first option" for persons who are under arrest for violation of felony DUI. *Id.* at 363, 610 S.E.2d at 811. Likewise, we hold section 56–5–2953's technical procedural videotaping requirements are incorporated into 56–5–2946, but 56–5–2953 does not afford a suspect the right to refuse a breath test, inasmuch as such right is not afforded under section 56–5–2946.

Because the legislature is presumed to intend its statutes accomplish something, the trial court erred in reasoning the right of refusal remains applicable in felony DUI cases despite the enactment of section 56–5–2946. *See Long*, at 364, 610 S.E.2d at 811 (citing, *South Carolina Coastal Conserv. League v. South Carolina Dep't of Health & Envtl. Control*, 354 S.C. 585, 589, 582 S.E.2d 410, 413 (2003)). Therefore, the trial court erred in suppressing the results of Cuevas's breath test.

## II.

■ Cuevas also argues this court should uphold the trial court's suppression of the breath test results because probable cause to arrest him for felony DUI did not exist. Specifically, Cuevas argues there was insufficient evidence that he was under the influence of alcohol at the time of his arrest. We disagree.

■ The dispositive question in determining whether a warrantless arrest is lawful is whether there was probable cause to make the arrest. *Wortman v. City of Spartanburg*, 310 S.C. 1, 4, 425 S.E.2d 18, 20 (1992). Probable cause to arrest without a warrant generally exists when facts and circumstances within an arresting officer's knowledge are sufficient for a reasonable person to believe that a crime has been or is being committed by the person to be arrested. *State v. Moultrie*, 316 S.C. 547, 552, 451 S.E.2d 34, 37 (Ct.App.

1994). In determining whether probable cause exists, "all the evidence within the arresting officer's knowledge may be considered, including the details observed while responding to information received." *State v. Roper*, 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979). In other words, "[a] police officer has probable cause to arrest without a warrant where he in good faith believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinary prudent and cautious man, under the circumstances to believe likewise...." *Id.*

We hold the evidence within the arresting officer's knowledge was sufficient to arrest Cuevas. The evidence included the facts that Cuevas left the scene of the accident, he had a strong smell of alcohol on his breath, he had an open beer container in his vehicle, and he had a bruise on his chest, apparently resulting from the inflation of the air bag in his vehicle. Finally, Cuevas conceded at oral argument that the accident resulted in great bodily injury to another person.

For the reasons stated herein, the trial court's decision is hereby

**REVERSED AND REMANDED.**

STILWELL and WILLIAMS, JJ., concur.