641 S.E.2d 468

**The STATE, Respondent,**

v.

**Carl Vernon KELLY, Appellant.**

**No. 4203.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2007.

Decided Feb. 5, 2007.

Appellate Defender Aileen P. Clare, Office of the Attorney General, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

WILLIAMS, J.:

Carl Kelly appeals the circuit court's decision not to grant a mistrial and not to issue an *Allen*[1] charge after a juror retracted her guilty verdicts during jury polling. We affirm.

## FACTS

Carl Kelly stood trial before a jury on charges of assault and battery with intent to kill, armed robbery, first-degree burglary, and kidnapping. At the close of trial, the jury

---

[1]. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

informed the judge they had reached a unanimous verdict of guilty on each charge. After the jury read the verdict, the defense requested the jury be polled.

Upon polling, eleven of the jurors reported that their verdicts were guilty. One juror, however, reported that she was "not comfortable" with the verdict. The trial judge then said:

The [c]ourt fully understands that a juror certainly has been put in a position where you're not comfortable with what you do. I'm not comfortable many times in my job up here. I understand that. But I need—if you don't mind, if you would, I need you to respond to the question: Is this still your verdict?

The juror then responded "I really don't know. I can't . . . (shaking her head side to side) no."

The trial judge then sent the jury back to the jury room to continue deliberations "to see if [they could not] reach a verdict." Kelly's defense attorneys then made an objection to the court's statement, which they called a *de facto Allen* charge. They also made a motion for a mistrial and requested a full *Allen* charge. Nearly two hours later, the jury returned with a guilty verdict on each charge. This verdict survived a jury polling.

## LAW AND ANALYSIS

Kelly argues the court erred by failing to declare a mistrial or alternatively by failing to issue a full *Allen* charge after the juror retracted her guilty verdicts during jury polling. We disagree.

■ "The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion." *State v. Harris,* 340 S.C. 59, 63, 530 S.E.2d 626, 627–28 (2000). A mistrial should be declared only when absolutely necessary. *Id.* at 63, 530 S.E.2d at 628. In order to receive a mistrial, the defendant must show error and resulting prejudice. *Id.*

■ The trial judge must be satisfied that the verdict is unanimous and must conduct a jury poll at the request of either party. *State v. Linder,* 276 S.C. 304, 309, 278 S.E.2d 335, 338 (1981). "Polling is a practice whereby the court

determines from the jurors individually whether they assented [to] and still assent to the verdict." *Id.* at 308, 278 S.E.2d at 338. "If it is made known to the court when it is time to render the verdict that any juror does not assent to it, the verdict cannot be received and the jury should retire to their room until they have agreed." *State v. Singleton,* 319 S.C. 312, 316, 460 S.E.2d 573, 576 (1995). A judge has a duty to urge the jury to reach a verdict, but he may not coerce them. *Id.* at 316, 460 S.E.2d at 575.

■■ In criminal cases, this Court sits to review errors of law only. *State v. Staten,* 364 S.C. 7, 15, 610 S.E.2d 823, 827 (Ct.App.2005). "An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." *State v. Williams,* 367 S.C. 192, 195, 624 S.E.2d 443, 445 (Ct.App.2005). "The requesting party must have been prejudiced by the trial court's failure to give the instruction in order to warrant reversal on appeal." *Id.* at 195–96, 624 S.E.2d at 445.

■ In this case, when the juror stated she was not comfortable and ultimately not in agreement with the verdicts, the trial judge sent the jury back into the deliberation room to see if they could arrive at a unanimous verdict. It was within the trial judge's discretion to either grant a mistrial or send the jury back for deliberations. The juror did not indicate that she was coerced into voting for a guilty verdict, nor did she indicate that the jury was hopelessly deadlocked. Therefore, declaring a mistrial was not an absolute necessity, and no prejudice resulted from sending the jury back for more deliberations.

Here, the judge followed the same procedure affirmed by the Supreme Court in *State v. Roper,* 274 S.C. 14, 260 S.E.2d 705 (1979). In *Roper,* one juror indicated she had her doubts about the verdict. After questioning that juror, the trial judge sent the jury back in for more deliberations with the instruction that any verdict must be unanimous. The Supreme Court ruled that the judge's instructions were courteous and expeditious and were not coercive.

Likewise, the questions asked in *State v. Singleton,* 319 S.C. 312, 315–16, 460 S.E.2d 573, 575–76 (1995) were found to be appropriate "to ensure that the juror did not misunderstand

the verdict and to confirm that the verdict was unanimous." In *Singleton,* when asked if the guilty verdict was still his verdict, the juror answered "no." The judge then said: "Go back in your jury room to continue your deliberations. I'm told this was a unanimous verdict. Is this your verdict?" The juror then answered: "It is now." *Singleton,* at 315, 460 S.E.2d at 575.

A comparison of the instructions in the case at bar to the proper instructions in *Roper* and *Singleton* shows that the instructions given in this case were noncoercive and did not prejudice Kelly's case.

Kelly also argues the trial court erred in failing to issue a full *Allen* charge after the juror retracted her guilty verdict. An *Allen* charge, also known as a "Dynamite" or "Hammer" charge, is to be used when the jury has expressed a deadlock and cannot come to a unanimous conclusion. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). There is no case law requiring or suggesting that an *Allen* charge be given when a juror retracts her verdict during polling and this Court will not impose such a requirement.

Accordingly, the trial court's decision is

**AFFIRMED.**[2]

HEARN C.J., and KITTREDGE, J., concur.

---

2. We decide this case without oral argument pursuant to Rule 215, SCACR.