THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Mack Green, Appellant.
 
 
 

Appeal From Hampton County
Howard P. King, Circuit Court Judge
Unpublished Opinion No. 2010-UP-253
Submitted April 1, 2010  Filed April 26, 2010
AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins, of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, 
 Assistant Deputy Attorney General Salley W. Elliott, And Assistant
 Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor I.
 McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Mack Green
 appeals his conviction for possession with intent to distribute crack cocaine. 
 On appeal, Green argues the trial court erred in refusing to instruct the jury
 on circumstantial evidence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  Rule 20(b),
 SCRCrimP ("Notwithstanding any request for legal
 instructions, the parties shall be given the opportunity to object to the giving
 or failure to give an instruction before the jury retires, but out of the
 hearing of the jury. . . . Failure to object in accordance with this rule shall
 constitute a waiver of objection.");  State
 v. Nichols, 325 S.C. 111, 118, 481
 S.E.2d 118, 122 (1997) (finding the trial court erred in refusing to give a
 charge requested after the charge conference and holding a party can ask for
 further instructions after the charge conference); State v. Kelly, 372 S.C. 167, 171, 641 S.E.2d 468, 470 (Ct. App. 2007)
 ("An appellate court will not reverse the
 trial court's decision regarding jury instructions unless the trial court
 abused its discretion.  The requesting party must have been prejudiced by the
 trial court's failure to give the instruction in order to warrant reversal on
 appeal."). 
AFFIRMED.
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.