THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Brad R.
 Johnson, Appellant.
 
 
 

Appeal From Horry County
 Steven H. John, Circuit Court Judge
Monte L. Harrelson, Magistrate Court Judge

Unpublished Opinion No.  2011-UP-115
 Submitted February 1, 2011  Filed March
22, 2011

AFFIRMED

 
 
 
 Brad R. Johnson, of Oak Island, North Carolina, pro se.
 John L. Weaver, of Conway, for Respondent.
 
 
 

PER CURIAM: 
 A magistrate court jury found Brad R. Johnson violated section 512 of Appendix
 B of the Horry County Zoning Ordinance[1] designed to govern accessory buildings, structures, and their uses.  Johnson
 appealed the verdict to the circuit court, and the circuit court affirmed.  Johnson now appeals the circuit court's order
 affirming the magistrate court, arguing the circuit court erred in affirming
 the magistrate court's (1) denial of his motion to dismiss based on a lack of
 notice, (2) denial of his directed verdict motion, (3) exclusion of evidence
 defining the term "install," and (4) exclusion of a videotape
 evidencing the State's disparate treatment of him.  We affirm.[2]
1. With regard to the motion to dismiss, we find any
 argument Johnson lacked notice is factually without merit.  Specifically, the
 citation issued informed Johnson of the Horry County Zoning Ordinance he
 allegedly violated as well as the possibility of being fined or imprisoned for
 up to thirty days.  Further, any argument that the ordinance is
 unconstitutionally vague is not preserved for review because it was not raised
 to or ruled upon by the magistrate court.  See State v. Turner,
 373 S.C. 121, 126 n.1, 644 S.E.2d 693, 696 n.1 (2007) (holding in order for an
 issue to be preserved for review, it must be raised to and ruled upon by the
 trial court).
2. With regard to the directed verdict motion, we find
 Johnson's admission in his appellate brief that his storage shed was placed
 within six feet of his residence in and of itself supports the magistrate
 court's submission of the case to the jury.  Therefore, we find neither the
 magistrate nor the circuit court erred.  See State v. Weston, 367
 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (stating if any direct evidence
 reasonably tends to prove the guilt of the accused, the appellate court must
 find the case was properly submitted to the jury).
3. With regard to the exclusion of the definition of
 "install," Johnson failed to proffer the excluded evidence during
 trial; therefore, this issue is not preserved for appellate review because this
 court cannot determine whether he was prejudiced by the magistrate court's
 exclusion.  See State v. Roper, 274 S.C. 14, 20, 260 S.E.2d 705,
 708 (1979) (stating when no proffer of excluded testimony is made, the
 appellate court is unable to determine whether the exclusion was prejudicial).
4. With regard to the exclusion of the videotape, we find
 the circuit court properly determined the magistrate court did not abuse its
 discretion in excluding the videotape as irrelevant when it depicted Johnson's
 neighbors' alleged ordinance violations that have no bearing on whether Johnson
 violated the ordinance.  See State v. Aleksey, 343 S.C. 20, 35,
 538 S.E.2d 248, 256 (2000) (stating the trial court is given broad discretion
 in ruling on questions of relevance and that decision will not be reversed
 absent a clear abuse of discretion); State v. Pagan, 369 S.C. 201, 208,
 631 S.E.2d 262, 265 (2006) (stating an abuse of discretion arises when the
 trial court's conclusions lack evidentiary support or are controlled by an
 error of law).
Based on the foregoing, the circuit court's order is
AFFIRMED.
FEW,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] Horry
 County, S.C., Code of Ordinances Appendix B Zoning, art. V, § 512 (2008).  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.