**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Blaton Wakeem Smith, Appellant.

Appellate Case No. 2014-001769

---

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-323
Submitted April 1, 2016 – Filed June 22, 2016

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979) ("It is well settled that a reviewing court may not consider error alleged in exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been."); *State v. Schmidt*, 288 S.C. 301, 303, 342 S.E.2d 401, 402-03 (1986) ("Ordinarily, this [c]ourt will not review alleged error of the exclusion of testimony unless a proffer of testimony is properly made on the record."); *id.* at 303, 342 S.E.2d at 403 ("However, where the trial court refuses to allow the proffer, but [this court] can determine from the record . . . what the testimony was intended to show, we will address the merits."); *State v. Jenkins*, 322 S.C. 360, 367-68, 474 S.E.2d 812, 816-17 (Ct. App. 1996) (declining to find the trial court's decision excluding cross-examination testimony was not preserved when "it was very clear what testimony defense counsel hoped to elicit on cross-examination," "the proffer was not necessary to enable [this court] to discern prejudice," and "defense counsel made a sufficient attempt to proffer the disputed testimony"); *State v. Jackson*, 384 S.C. 29, 34, 681 S.E.2d 17, 19-20 (Ct. App. 2009) (finding the defendant's failure to proffer excluded testimony about the victim's violent history rendered the trial court's exclusion of that testimony unpreserved).

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.