**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Anthony Bayne, Appellant.

Appellate Case No. 2016-000809

_____

Appeal From Greenville County
D. Craig Brown, Circuit Court Judge

_____

Unpublished Opinion No. 2018-UP-310
Submitted June 1, 2018 – Filed July 5, 2018

_____

**AFFIRMED**

_____

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

_____

**PER CURIAM:** Mark Anthony Bayne appeals his convictions of armed robbery, possession of a weapon during the commission of a violent crime, kidnapping, and carjacking, for which the trial court sentenced him to an aggregate term of twenty

years' imprisonment.  On appeal, Bayne argues the trial court erred in giving an *Allen*[1] charge and denying his motion for a mistrial.  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court's *Allen* charge was unconstitutionally coercive or an improper comment on the facts: *State v. Singleton*, 319 S.C. 312, 316, 460 S.E.2d 573, 575 (1995) ("The trial [court] has a duty to urge the jury to reach a verdict but he may not coerce them."); *Tucker v. Catoe*, 346 S.C. 483, 490-95, 52 S.E.2d 712, 716-18 (2001) (providing the following factors to consider in determining whether an *Allen* charge is unconstitutionally coercive: (1) whether the charge spoke specifically to the minority juror(s); (2) whether the trial court included in its charge any language such as "You have got to reach a decision in this case"; (3) whether there was an inquiry into the jury's numerical division; and (4) the timing of the returned verdict after the charge); *Singleton*, 319 S.C. at 316, 460 S.E.2d at 575-76 ("It is not coercion when a trial [court] instructs the jury that failure to reach a verdict will require a new trial at additional expense, or states that every juror has a right to his own opinion and need not give it up merely for the purpose of reaching agreement."); *State v. Smith*, 288 S.C. 329, 331, 342 S.E.2d 600, 601 (1986) ("The trial [court] must refrain from all comment which tends to indicate [its] opinion as to the weight or sufficiency of the evidence, the credibility of witnesses, the guilt of the accused or as to controverted facts.").

2.  As to whether the trial court erred in denying Bayne's motion for a mistrial: *State v. Wasson*, 299 S.C. 508, 510, 386 S.E.2d 255, 256 (1989) ("A mistrial should not be granted except in cases of manifest necessity and ought to be granted with the greatest caution for very plain and obvious reasons."); *State v. Dempsey*, 340 S.C. 565, 570-71, 532 S.E.2d 306, 309 (Ct. App. 2000) ("[T]he granting of a mistrial motion is an extreme measure to be taken only where an incident is so grievous that its prejudicial effect can be removed in no other way."); *State v. Patterson*, 337 S.C. 215, 227, 522 S.E.2d 845, 851 (Ct. App. 1999) ("[T]he trial [court] should exhaust other methods to cure possible prejudice before aborting a trial.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] *Allen v. United States*, 164 U.S. 492, 501-02 (1896) (approving a jury instruction encouraging jurors to reconsider their votes in order to prevent a hung jury).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.