**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derrick Gerard Boyd, Appellant.

Appellate Case No. 2023-000698

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-095
Submitted January 2, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

Tristan Michael Shaffer, of Axelrod & Associates, P.A., of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

———————

**PER CURIAM:** Derrick Gerard Boyd appeals his convictions for trafficking in cocaine and possession with intent to distribute marijuana and aggregate sentence of twenty-five years' imprisonment. On appeal, Boyd argues the trial court erred

by (1) refusing to grant a mistrial when, during polling, one of the jurors remarked they did not agree with one of the charges and (2) denying his motion to suppress drugs obtained after a traffic stop. We affirm pursuant to Rule 220(b).

1. We hold the trial court did not err when it denied Boyd's motion for a mistrial. *See State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 627-28 (2000) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."). The trial court acted within its discretion when it sent the jury back for further deliberations because the jurors had only deliberated for a short time, and a mistrial was not absolutely necessary. *See id.* at 63, 530 S.E.2d at 628 ("A mistrial should only be granted when absolutely necessary."); *id.* ("In order to receive a mistrial, the defendant must show error and resulting prejudice."); *State v. Roper*, 274 S.C. 14, 20, 260 S.E.2d 705, 708 (1979) ("Where a juror indicates merely some degree of reluctance or reservation about the verdict, the course of action depends largely upon the discretion of the trial [court]."); *State v. Singleton*, 319 S.C. 312, 316, 460 S.E.2d 573, 576 (1995) ("If it is made known to the court when it is time to render the verdict that any juror does not assent to it, the verdict cannot be received and the jury should retire to their room until they have agreed."). Further, the trial court sending the jury back to deliberations was not undue coercion: the trial court explained to the jury that it was sending them back to deliberate because they had only deliberated for a short time, and it also gave them the choice of whether to continue deliberating that day or to start again the following morning. *See id*. at 316, 460 S.E.2d at 575 ("The trial [court] has a duty to urge the jury to reach a verdict but [it] may not coerce them."). In addition, the juror did not indicate she was coerced into the guilty verdict during the first polling and asserted she agreed with the verdict during polling following the second verdict. *See Roper*, 274 S.C. at 20, 260 S.E.2d at 708 ("Where a juror's equivocal, ambiguous, inconsistent, or evasive answers leave doubt whether he has assented to the verdict, but his answers are not such as to indicate involuntariness or coercion, it is generally held that a subsequent answer which indicates clear and unequivocal assent, either on further interrogation or after further deliberation, will cure the defect.").

2. We hold the trial court did not err in denying Boyd's motion to suppress evidence that was the result of a search stemming from a traffic stop. *See State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, [an appellate court] will review errors of law only."); *id*. ("[An appellate court] is bound by the trial court's factual findings unless they are clearly erroneous."). Initially, the statute was ambiguous and thus, should have been interpreted in favor

of Boyd. *See* S.C. Code Ann. § 56-5-2330(b) (2018) ("Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line . . . ."); S.C. Code. Ann § 56-5-2740 (2018) ("Every driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line . . . ."); At, https://www.merriam-webster.com/dictionary/at (last accessed Nov. 2, 2025) (defining "at" "as a function word to indicate presence or occurrence in, on, or near"); *State v. Dingle*, 376 S.C. 643, 649, 659 S.E.2d 101, 105 (2008) ("In interpreting statutes, the [c]ourt looks to the plain meaning of the statute and the intent of the [l]egislature."); *id*. at 649-50, 659 S.E.2d at 105 ("As with any statute that is penal in nature, the [c]ourt must construe it strictly in favor of the defendant and against the State."). Nevertheless, the court did not err because law enforcement's interpretation of the statute was reasonable based on an objective assessment of the circumstances. *See State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("Violation of motor vehicle codes provides an officer reasonable suspicion to initiate a traffic stop."); *United States v. Sokolow*, 490 U.S. 1, 7 (1989) ("The concept of reasonable suspicion, like probable cause, is not 'readily, or even usefully, reduced to a neat set of legal rules.'" (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983))); *Provet*, 405 S.C. at 108, 747 S.E.2d at 457 ("The test whether reasonable suspicion exists is an objective assessment of the circumstances; the officer's subjective motivations are irrelevant.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.