20063

The STATE, Respondent, v. D. Legrand WEAVER, Appellant

(217 S. E. (2d) 31)

130]

*Messrs. Nettles, Thomy & Smith,* of Lake City, and *Jackson & Bell,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Finley B. Clarke, Asst. Sol.,* of Florence, *for Respondent,*

July 15, 1975.

Moss, Chief Justice:

D. Legrand Weaver, the appellant herein, was tried, convicted and sentenced in The Civil and Criminal Court of Florence County, upon charges of (1) operating a motor vehicle while under the influence of intoxicating liquors, in violation of Section 46-343 of the Code, and (2) resisting arrest. He has prosecuted this appeal alleging trial errors, and the refusal of the trial judge to grant his motion for a new trial.

G. F. Willis, a highway patrolman, testified that on November 29, 1973, at approximately 11:45 P. M., he observed a 1974 Lincoln Continental automobile run two red lights in succession at a high rate of speed. This officer, after

radioing headquarters, turned on his blue light and pursued this car. The chase continued for 2½ to 3 miles with speeds reaching approximately 100 miles per hour before the Lincoln automobile was finally stopped. The officer went to the car of the appellant and obtained his driver's license. At the time he detected a strong odor of alcohol and asked the appellant to get out of his car. This officer testified that the appellant was staggering and very unsteady on his feet. He did not successfully respond to certain reflex tests. The officer concluded that the appellant was under the influence of intoxicants and placed him under arrest after advising him of his rights. He said that he directed the appellant to get into his patrol car, and the appellant refused with the statement that he was not going anywhere. We quote the following from the officer's testimony:

"Q. Well, that was all you did was grab his arm and put an arm lock on him?

"A. Right. And I carried him to the side of my patrol car and I reached my hand to open my car door. When I released him to start opening the door, he hit me in the lower neck portion of my chest knocking me into my car and went down fighting and started scuffling. When I got my balance again, we went down fighting and I ended up on the bottom of the deal and he was choking me. He had me around the neck and the next thing I remember, I saw lights coming up on me and uh—the officer got out of the car and came over and knocked him off of me.

"Q. Did you know who it was?

"A. Yes, sir. One of my supervisors, Lt. Mozingo, and when he knocked him off of me, I was able to get up, get out from under him, when he knocked him off and both of us tried to get his hands behind his back and he was fighting and scuffling and we had to physically, each officer, myself and Lt. Mozingo, take each arm and force them behind his back and handcuff him. Once we got those handcuffs on him though, he just quit."

Lt. Mozingo of the Highway Patrol testified that he received a radio call from Officer Willis and responded thereto. He said that upon arriving at the scene he discovered the two men scuffling, with the appellant on top of Willis and holding him by the neck. He could not pull the appellant from the patrolman and finally subdued him by one blow to the appellant's forehead with a blackjack. Thereafter, the two officers handcuffed the appellant and placed him in the patrol car.

The appellant claimed that he was stopped and arrested by Officer Willis without probable cause. He admitted that he had been drinking but insisted that he was not drunk. He testified that while he was protesting his arrest three unidentified patrolmen arrived on the scene and proceeded to handcuff him and hold him while Willis beat him. He further testified that Lt. Mozingo never was at the scene of the arrest. He claimed that he did not attack Officer Willis nor resist arrest.

There is testimony that Officer Strickland arrived at the scene of the arrest after all of the foregoing had taken place. There is also testimony that Officer Willis took the appellant by the hospital for the treatment of his blackjack wound and on the way had radioed for two officers to meet him there. Officers Harris and Harrelson were at the hospital when Willis arrived with the appellant but they were not needed since the appellant was then cooperative.

An officer who was qualified to administer the breathalyzer test testified that he did administer such to the appellant and the reading was seventeen hundredths (.17) of one per cent blood alcohol. This officer also testified that during the course of his examination he detected a very strong odor of alcoholic beverage coming from the appellant. He said the appellant was unsteady on his feet his eyes were very red and he appeared to be very much under the influence of some alcoholic beverage.

During the cross-examination of Officer Willis he was asked if he didn't think it would be better procedure for him

to have waited for assistance to arrive before arresting the appellant. The court ruled that since the witness was a police officer he had a right to arrest the appellant and could use whatever force was reasonably necessary to make the arrest. The appellant alleges that these remarks constituted prejudicial error on the part of the trial judge. We disagree.

We have held that an officer does have the power and authority to arrest without a warrant those who have committed a violation of the criminal laws of this State within the view of such officer. *State v. Mims*, 263 S. C. 45, 208 S. E. (2d) 288. See also Section 17-253 of the Code. When an officer has a right to make an arrest, he may use whatever force is reasonably necessary to apprehend the offender or effect the arrest.

Counsel for the appellant made a motion for a mistrial because of the statement made by the trial judge. The jury was excused and the question was further discussed. The motion for a mistrial was denied and upon the return of the jury to the courtroom the trial judge charged the jury that the right of the patrolman to make the arrest was dependent upon their finding that a crime or misdemeanor was committed in the presence of the patrolman, and that he had the legal right to use such force as was reasonably necessary to place the appellant under arrest and take him into custody. In so ruling there was no error.

While Officer Willis was being cross-examined, counsel for the appellant asked him, "What is your reputation for violence?" Upon objection to this question being sustained by the trial judge, counsel for the appellant stated that he thought that such testimony was relevant, and that he was prepared to show numerous episodes in which Officer Willis had been involved. The appellant alleges that it was prejudicial error for the trial judge to sustain the objection to this testimony.

It is well settled that the extent of cross-examination of a witness is within the sound discretion of the trial judge. Here, the proffered testimony had no rele-

vancy to any issue in the case, and we therefore conclude that the trial judge did not abuse his discretion in sustaining the objection of the State to such testimony.

The appellant alleges error on the part of the trial judge in refusing to instruct the jury that if they found that Officer Willis used unreasonable force in making the arrest, then the appellant would have a right to resist the arrest and such would have been lawful and not in violation of law.

The appellant testified positively that he did not resist arrest but submitted to the arrest by Officer Willis. The appellant placed himself in the inconsistent position of, on one hand, denying that he resisted a lawful arrest, and on the other that the court should have instructed the jury that because the officer used an unreasonable amount of force, he had a right to resist the arrest.

There was no duty of the trial judge to instruct the jury as requested by the appellant because such charge was not applicable to any issue in the case. No instruction should be given by the trial judge, at the request of the appellant, which tenders an issue which is not presented or supported by the evidence. *State v. McLaughlin,* 208 S. C. 462, 38 S. E. (2d) 492.

The trial judge was requested to instruct the jury, on behalf of the appellant, that where the State had witnesses under its control and did not produce them, then a presumption arises that their testimony would be unfavorable to the State. This request was refused and error is alleged.

It is apparent that the requested charge was based upon the State's failure to call Patrolman Strickland and Patrolman Harris and Harrelson. Officer Strickland came to the scene shortly after the appellant was arrested and handcuffs placed on him. It appears from the record that Officer Strickland was at the scene only momentarily and was immediately sent down the road by Lt. Mozingo to check a truck. Officer Strickland had nothing whatever to do with the

arrest or subduing the appellant. It follows that the record disclosed nothing material to which Officer Strickland could have testified which was not covered by the testimony of Officer Willis and Lt. Mozingo. It appears that Patrolman Harris and Harrelson met Officer Willis and the appellant at the hospital to assist should the appellant become unruly when released from his restraint. It is apparent that these witnesses possessed no information material to the issues at trial.

We have held that the State is not required to produce and place upon the stand every witness who has knowledge of some facts connected with the crime charged. *State v. Watts*, 249 S. C. 80, 152 S. E. (2d) 684; *State v. Richardson*, 253 S. C. 468, 171 S. E. (2d) 717; and *State v. Batson*, 261 S. C. 128, 198 S. E. (2d) 517. In the *Richardson* case we said that the State was required to prove the guilt of the defendant beyond a reasonable doubt and may, in its discretion determine what witnesses would be called in presenting such proof. There is no showing that the State here relied upon any act or statement of either of the absent witnesses in proving its case against the appellant. It is not contended that the State prevented any one of the three witnesses from attending the trial, nor that compulsory process was denied the appellant to force their appearance. These witnesses were available to the appellant and could have been subpoenaed by him and used as witnesses if they possessed information supporting his defense. The appellant made no such showing, and his contention that he suffered prejudice by the failure of the State to place the witnesses in question on the stand is without merit. It follows that there was no error in refusing the requested charge.

It is provided in Section 46-344 of the Code, as amended, that in any criminal prosecution for the violation of Section 46-343 relating to the driving of a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the defendant's blood at the time of the alleged violation, as

shown by chemical analysis of his breath shall give rise to the following presumptions:

"(1) If there was at that time five one-hundredths of one percent or less by weight of alcohol in the defendant's blood, it shall be conclusively presumed that [he] was not under the influence of intoxicating liquor;

"(2) If there was at that time in excess of .05 of one percent but less than .10 of one percent, by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant; and

"(3) If there was at that time ten one-hundredths of one percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor."

The trial judge charged the jury as to the various presumptions arising from the breathalyzer test, and we quote the following from the charge:

"If the reading is .10 or more, the law says that it is presumed that the Defendant is under the influence of intoxicating liquors. That presumption is not a conclusive presumption, but is a rebuttable presumption. You, the Jury, are entitled to take into consideration any other facts in the case in addition to this reading on the breathalyzer machine and the presumption raised by that breathalyzer machine in deciding ultimately as to whether or not the Defendant is innocent or guilty of the charge, leaving the burden of proof upon the State as I have previously explained to you."

The appellant, through counsel, requested the trial judge to instruct the jury "that the breathalyzer, like any other evidence, can be given the weight that the jury deems reasonable. It may be accepted or rejected, not arbitrarily but if they had some reason for doing so."

The trial judge refused to charge this request and error is assigned.

We think the trial judge adequately charged the jury as to the results of the breathalyzer test and that the wording of his charge amounted to substantially the same as that requested by the appellant. In this connection, see the cases collected in an annotation contained in 16 A. L. R. (3d) 748.

The appellant's exceptions are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.