624 S.E.2d 443

**The STATE, Respondent,**

v.

**Kelvin R. WILLIAMS, Appellant.**

**No. 4058.**

Court of Appeals of South Carolina.

Heard Oct. 11, 2005.

Decided Dec. 12, 2005.

Rehearing Denied Jan. 19, 2006.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General W. Rutledge Martin; and Solicitor Warren Blair Giese, of Columbia, for Respondent.

STILWELL, J.:

Kelvin Williams appeals the trial court's refusal to charge that an individual lawfully being placed under arrest has the right to defend himself against the use of excessive force by the police officer. We reverse and remand.

## FACTS

Williams was tried and convicted of resisting arrest and assaulting a law enforcement officer. The circumstances of this case arise from Deputy Warren Gadson's attempt to serve a family court bench warrant on Williams at his residence. The facts of the resulting encounter are thereafter in dispute.

Gadson, of the Richland County Sheriff's Office, testified he knocked on Williams' door and appropriately identified him-

self. There was no response, but Gadson heard movement from within the apartment. Gadson then obtained a key to Williams' apartment from the complex manager and attempted to enter the premises. Williams testified he did not know of Gadson's presence until the officer attempted to enter his apartment but was stopped by a bar lock on the entry door.[1] Williams asked Gadson to identify himself, and Gadson verbally identified himself and showed Williams his badge. Williams testified that Gadson had inserted his foot into the opening in the doorway, and he requested that Gadson remove his foot so that the bar bolt could be removed and the door opened completely. Williams testified that Gadson drew his gun and told him to open the door or he would kick it in. According to Williams' testimony, when he stepped outside Gadson charged him, tackled him, pressed his gun into his ribs, and threatened to kill him.[2] At that point, Williams threw Gadson off him, and the two scuffled until Gadson subdued Williams and other officers arrived at the scene.

At the close of trial, Williams requested a charge that he was justified in resisting the officer's use of excessive force in the execution of the arrest warrant. The trial court denied the request. Williams appeals.

## STANDARD OF REVIEW

"An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "It is error for the trial court to refuse to give a requested instruction which states a sound principle of law when that principle applies to the case at hand, and the principle is not otherwise included in the charge." *Id.* at 390, 529 S.E.2d at 539. If there is any evidence to support a charge, the trial court should grant the request. *State v. Burriss*, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999). The requesting party must have been prejudiced

---

1. The lock on the door was apparently similar to a traditional chain lock except composed of a metal bar and ball mechanism. The lock would allow an occupant to partially open the entry door, but prevent it from opening completely.

2. Gadson testified Williams charged him when he opened the apartment door, thereby initiating the physical altercation.

by the trial court's failure to give the instruction in order to warrant reversal on appeal. *Clark*, 339 S.C. at 390, 529 S.E.2d at 539.

## LAW/ANALYSIS

Williams argues the trial court erred in failing to instruct the jury that an individual being arrested is permitted to defend himself against excessive force by the arresting officer during a lawful arrest. We agree.

This case actually involves two issues, one of which presents a novel question in South Carolina. First, we must determine whether the evidence presented at trial supports giving the requested charge. In addition, we must consider whether the charge requested in this case is based on a sound principle of law. South Carolina has yet to clearly and definitively recognize the right of a suspect to resist excessive force by a police officer when such force is incident to a lawful arrest. We will discuss each issue in turn.

### I. Was the requested charge warranted under the evidence presented?

■ Williams testified that as he opened the apartment door and stepped across the threshold, Gadson "threw me to the ground, took his gun, shoved it up into my ribs. And he told me that if I didn't stop he was going to kill me. And I threw [Deputy Gadson] off me." In evaluating the record for evidence supporting Williams' position, we must consider all the evidence presented and consider what reasonable inferences a jury could draw therefrom. According to Williams' testimony, he resisted Gadson only in response to the unprovoked use of force against him.

This case is distinguishable from *State v. Weaver*, 265 S.C. 130, 217 S.E.2d 31 (1975), and *State v. Galloway*, 305 S.C. 258, 407 S.E.2d 662 (Ct.App.1991). In *Weaver*, the accused testified he protested his arrest and was handcuffed by three officers and beaten by a fourth one. He claimed that he did not attack any officer or resist arrest. *Id.* at 135, 217 S.E.2d at 33. The supreme court concluded Weaver could not assert compliance with the arrest and also claim that his actions were excused due to the arresting officers' use of excessive force. *Id.* at 137, 217 S.E.2d at 34.

Citing *Weaver* as controlling authority, this court likewise disposed of the same issue in *Galloway*. *Galloway*, 305 S.C. at 266–67, 407 S.E.2d at 667. There the accused claimed that he did not resist arrest, and his acts of resistance were fabricated by police in order to prevent him from filing a civil lawsuit for injuries he sustained during the incident. *Id.* at 262, 407 S.E.2d at 665.

In this case, the State points to Williams' testimony during cross-examination that he did not respond to Officer Gadson with force. In the context of Williams' entire testimony, we interpret that response by Williams to mean that during the initial phase of the encounter he cooperated with Officer Gadson and did not use force until after the officer employed excessive force against him. Williams admitted he "threw off" Gadson. He conceded that he and Gadson had physical contact and struggled. Such a progression of events supports Williams' argument that he was entitled to the requested charge and does not render his testimony inconsistent. Therefore, the evidence in the record supports the giving of the requested charge.

■ In order to warrant a new trial, the court's failure to give a requested jury instruction must be prejudicial. In the instant case, the jury was charged as follows regarding assaulting an officer while resisting a lawful arrest:

The State must prove ... that the defendant knowingly and willfully assaulted, beat or wounded a law enforcement officer who was serving, executing or attempting to serve a legal writ or process; or in other words, an arrest warrant, or that the defendant assaulted, beat, or wounded an officer when the defendant was resisting arrest being made by a person that the defendant knew or reasonably should have known was a law enforcement officer.

Neither this charge, nor any of the other general charges given the jury, allowed the members to consider whether Williams' resistance could have been justified in response to excessive force by Gadson. Had the jury chosen to believe Williams' version of events, it could have concluded that Williams' actions were justified. If so, the jury would have needed to understand the legal implications of that factual conclusion in order to apply it to the verdict. Therefore, the failure to give the requested instruction was prejudicial.

## II. Does the requested charge accurately reflect the law of this State?

Having determined that the evidence warranted such a charge, we must now reach the issue of whether the requested charge accurately reflects the law of South Carolina. We conclude that South Carolina does recognize a person's right to use reasonable force to defend against the use of excessive force by a police officer incident to a lawful arrest.

*Weaver* and *Galloway* did not require the court to address this precise issue since the facts in those cases did not warrant the giving of such a charge. Therefore, we will look to our own general principles of law as well as the law of other jurisdictions for instruction. In *McCracken v. Commonwealth,* 39 Va.App. 254, 572 S.E.2d 493 (2002), the court held that an individual has the right to resist excessive force during a lawful arrest. "A lawful arrest, when made with unlawful force, may be resisted." *Id.* at 497. North Carolina and Georgia have also recognized such a right. *See State v. Anderson,* 40 N.C.App. 318, 253 S.E.2d 48, 51 (1979) ("[T]he right to use force to defend oneself against the excessive use of force during an arrest may arise despite the lawfulness of the arrest . . . ."); *see also Cunningham v. State,* 221 Ga.App. 341, 471 S.E.2d 273, 274 (1996) (approving a jury charge stating "that a person being arrested, even though the arrest itself is lawful, has the right to resist the use of excessive and unlawful force by those making the arrest to the extent that the person reasonably believes that the degree of resistance used is necessary to defend himself against the officer's use of unlawful or excessive force"). Numerous other jurisdictions have recognized an arrestee's right to self-defense as well. *See generally* Dag E. Ytreberg, J.D., Annotation, *Right to Resist Excessive Force Used in Accomplishing Lawful Arrest,* 77 A.L.R.3d 281 (2005).

There is no question that South Carolina allows a police officer to use force reasonably necessary to effect an arrest. *See State v. DeBerry,* 250 S.C. 314, 320, 157 S.E.2d 637, 640 (1967); *State v. Weaver,* 265 S.C. 130, 136, 217 S.E.2d 31, 34 (1975). However, as long ago as 1870, South Carolina recognized that such right cannot be unfettered, even within the context of fulfilling a lawful duty. "If the simple fact that the plaintiff was a policeman, and was acting as such

when the violence was committed, is sufficient to justify the violence, . . . then any degree of violence may, under the same rule of law, be justified, without reference to the necessities of the case." *Golden v. State*, 1 S.C. 292, 300 (1870).

After examining the holdings in other jurisdictions and our own jurisprudence, we conclude that an individual, under the appropriate circumstances, has the right to utilize the amount of resistance reasonably necessary to defend himself in the event excessive force is utilized incident to a lawful arrest. This should not be interpreted to mean anyone is entitled to resist a lawful arrest or that the arrest becomes unlawful for purposes of prosecuting the underlying offense. On the contrary, to be entitled to the requested instruction, the evidence must clearly show that the accused complied fully with all requirements placed upon citizens subject to a lawful arrest and resisted only to the extent necessary to protect himself from serious physical harm. The facts of this case warrant a jury charge to that effect.

**REVERSED AND REMANDED.**

HEARN, C.J., and KITTREDGE, J., concur.