**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7882**

MICHAEL ANGELO RIDDICK,

Plaintiff - Appellant,

versus

LEON LOTT, Sheriff; HOWARD L. AUSTIN,
Corporal, Richland County Sheriff Offices,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   R. Bryan Harwell, District Judge.
(CA-05-2182-RBH)

Submitted: July 26, 2006          Decided:  October 12, 2006

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Michael Angelo Riddick, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Angelo Riddick appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his 42 U.S.C. § 1983 (2000) complaint. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) (2000). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). We must accept the allegations in Riddick's complaint as true and draw all reasonable factual inferences in his favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). After thoroughly reviewing the record, we vacate the district court's dismissal order and remand the case for further proceedings.*

In his pro se complaint, Michael Riddick contends that Officer Austin, without provocation, punched Riddick in the face, causing Riddick to lose three teeth. In a special interrogatory ordered by the magistrate judge, Riddick acknowledged that he pled guilty in state court to assaulting a police officer while resisting arrest and threatening a public official. Riddick has not appealed the conviction.

The magistrate judge recommended dismissing the action on the ground that Riddick's claim called into question the validity of his conviction, and Riddick has failed to demonstrate that his conviction has been reversed, expunged, invalidated, or otherwise

---

*This opinion should not be read as an indication regarding our view of the merits of Riddick's claim. We conclude only that the action was prematurely dismissed.

- 2 -

called into question as required under Heck v. Humphrey, 512 U.S. 477 (1994).  Riddick filed timely objections.  The district court accepted the recommendation of the magistrate judge and dismissed the complaint.

As a preliminary matter, this case presents a question of jurisdiction because Riddick appeals from a dismissal without prejudice.  We find appellate jurisdiction exists because the order of dismissal suggests that no amendment could cure the defects in Riddick's case.  See Young v. Nickols, 413 F.3d 416, 418 (4th Cir. 2005); Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

As the district court recognized, Heck v. Humphrey bars a § 1983 action if it is clear from the record that its successful prosecution would necessarily imply that the plaintiff's earlier conviction was invalid.  The Heck analysis requires a close factual examination of the underlying conviction.  See Heck, 512 U.S. at 487 n.7 (observing that suits for unreasonable searches may go forward if the underlying conviction is otherwise saved by such doctrines as independent source, inevitable discovery, and harmless error); Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003) (conducting fact-intensive inquiry to determine whether evidence from subsequently challenged search was "uniquely available from the alleged illegal search" or was otherwise admissible or cumulative); Willingham v. Loughnan, 261 F.3d 1178, 1183 (11th Cir.

2001), <u>cert. granted, judgment vacated on other grounds</u>, 537 U.S. 801 (2002) (examining criminal trial transcript to determine if underlying conviction, based on general verdict, would be called into question by successful § 1983 suit).

In this case, the record is sparse.  Without knowing the factual basis for Riddick's plea, we cannot determine whether his claim of police brutality would necessarily imply invalidity of his earlier conviction for assaulting an officer while resisting arrest.  S.C. Code Ann. § 16-9-320 (2003).  It is not clear from Riddick's pro se complaint whether the officer's alleged punch preceded, coincided with, or followed Riddick's resistance and assault.  If the officer's alleged punch caused Riddick to engage in the conduct that undergirds his conviction, then a successful § 1983 suit would necessarily imply invalidity of that conviction, since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force.  <u>See</u> <u>State v. Williams</u>, 624 S.E.2d 443, 445-46 (S.C. App. 2005).  If, however, there is no legal nexus between the officer's alleged punch and Riddick's resistance and assault; that is, the alleged punch occurred, independently, either before Riddick resisted arrest, or after his resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction.  <u>See</u> <u>Smith v. City of Hemet</u>, 394 F.3d 689, 697-99 (9th

Cir. 2005) (en banc) ("[A] § 1983 action is not barred by <u>Heck</u> unless the alleged excessive force occurred <u>at the time</u> the offense [of resisting arrest] was being committed. . . . [If the officers'] alleged acts of excessive force . . . occurred <u>before</u> or <u>after</u> Smith committed the acts to which he pled, [they] would not invalidate his conviction [for resisting arrest].") (citation omitted). In analogous cases, courts have ruled that <u>Heck</u> does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a "state court's finding that [a plaintiff] resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue [the plaintiff]." <u>Martinez v. City of Albuquerque</u>, 184 F.3d 1123, 1127 (10th Cir. 1999); <u>accord</u> <u>Nelson v. Jashurek</u>, 109 F.3d 142, 145-46 (3d Cir. 1997); <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995). In a similar vein, Riddick's conviction may coexist with a finding that the officer's alleged attack was unprovoked and occurred independently of Riddick's own resistance.

Because the timing of the events is unclear, we vacate the district court's order dismissing Riddick's action without prejudice pursuant to <u>Heck</u> and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED