THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert L. Landrum, Appellant.
 
 
 

Appeal From Lexington County
  James W. Johnson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-218
 Submitted January 4, 2010  Filed March
18, 2010    

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney
 General, all of Columbia; Solicitor Donald V. Myers, of Lexington, for
 Respondent.
 
 
 

PER
 CURIAM:  Robert L. Landrum (Landrum)
 appeals his conviction for assault upon a state or local correctional employee
 pursuant to section 16-3-630 of the South Carolina Code (2003).  On appeal,
 Landrum argues the trial court erred in refusing to charge the jury on
 self-defense and simple assault.  We affirm.[1]
FACTS
At trial, Corrections
 Officer Gerry L. Scott (Scott) testified that he conducted an inmate count at
 the Lexington County Detention Center (Detention Center) on April 29, 2006.  In
 conducting his count, Scott testified that he entered and completed a brief
 inspection of Landrum's cell and that Landrum requested a gray bin.[2] 
 Scott informed Landrum that a gray bin would be provided if one was available.          
Later in the day, Landrum
 requested a care package, which included a toothbrush, toothpaste, deodorant,
 and a comb.  Landrum was subsequently informed that a care package was
 unavailable.  At this point, Landrum's tone became more forceful and aggressive. 
 Scott stated Landrum then crossed the yellow line[3] and demanded a care package.  As a result of Landrum's behavior, Scott
 repeatedly instructed Landrum to cross back over the yellow line.  Landrum
 initially refused to comply with Scott's instruction and said, "Fuck
 you."  
After this incident, Scott instructed Landrum to
 return to his cell.  Landrum requested to see a supervisor, but his request was
 denied. In response, Landrum refused to return to his cell, despite Scott repeatedly
 ordering Landrum to report to his cell.  
When Scott and
 Landrum reached the top of the stairs, Scott testified Landrum refused to go
 any further, and Landrum renewed his request to see a supervisor.  Again, Scott
 ordered Landrum to return to his cell.  At that point, Scott testified that
 Landrum approached him in a "very quick manner, aggressive style" and
 that Landrum glared at him with a locked fist and straight arms and came within
 eight inches of Scott.  Based on these "attack cues," Scott performed
 an open palm heel strike[4] to Landrum's chest and attempted to place Landrum in a straight arm bar
 takedown.  According to Scott, a physical altercation ensued.  Landrum struck Scott
 on the side of the head and Scott suffered a laceration when his head hit the
 wall.  
The State called
 Dr. Carl McCord (Dr. McCord), a physician at Lexington Medical Center Urgent
 Care, to testify regarding the extent of Scott's injuries.  Dr. McCord stated
 Scott had "a lot of blood on his face" and an "obvious injury on
 his right forehead and his eyebrow" that required eighteen sutures.  
The State also
 called Don Wieder (Wieder), a law enforcement training sergeant with the
 Lexington County Sheriff's Office.  Wieder testified that he teaches defensive
 techniques at the South Carolina Criminal Justice Academy.  After the State set
 forth Wieder's qualifications, the trial court subsequently qualified Wieder as
 an expert in the use of force.  Wieder testified an officer is trained to
 create distance when an inmate approaches in an aggressive manner by
 implementing certain techniques such as stepping back or using a defensive
 counterstrike.  Based on Scott's testimony, Wieder concluded Scott's palm heel
 defensive counterstrike and straight arm bar takedown were appropriate
 responses to Landrum's aggressiveness.    
After the State
 concluded its case-in-chief, Landrum moved for a directed verdict.  Landrum
 argued the State did not meet its burden of creating a jury issue for assault
 upon a state or local correctional employee, and the evidence proved he acted in
 self-defense.  Also, Landrum requested a jury charge of simple assault as a
 lesser included offense of section 16-3-630.  The trial court denied Landrum's
 directed verdict motion and refused to charge simple assault as a lesser included
 offense.  The jury convicted Landrum of assault upon a state or local
 correctional employee.  This appeal followed.  
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law
 only. State
 v. Martucci, 380 S.C. 232, 246, 669 S.E.2d 598, 605-06 (Ct.
 App. 2008).  This court is bound by the trial court's
 factual findings unless they are clearly erroneous. State v. Baccus, 367
 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).  This court does not reevaluate
 the facts based on its own view of the preponderance of the evidence but simply
 determines whether the trial judge's ruling is supported by any evidence.  State
 v. Moore, 374 S.C. 468, 473-74, 649 S.E.2d 84, 86 (Ct. App. 2007).
LAW/ANALYSIS
A. Self-Defense Jury Charge
Landrum argues he was entitled to a charge of
 self-defense pursuant to State v. Williams, 367 S.C. 192, 624 S.E. 2d
 443 (Ct. App. 2005).  We disagree.  
In Williams,
 this court held that under the appropriate circumstances, an individual has the
 right to utilize the amount of resistance reasonably necessary to defend
 himself in the event excessive force is utilized incident to a lawful arrest.  367
 S.C. at 199, 624 S.E.2d at 447.  However, to warrant a self-defense instruction,
 the evidence must clearly show the accused fully complied with all requirements
 placed upon citizens subject to a lawful arrest and resisted only to the extent
 necessary to protect himself from serious physical harm.  Id.
We believe Landrum's
 reliance on Williams is misplaced.  After a review of the record, we conclude
 there is no evidence Scott utilized excessive force against Landrum.  In fact, both
 Scott and Wieder's testimony indicates Scott utilized the appropriate amount of
 force against Landrum.  
Next, we must
 examine whether the trial court erred in refusing to charge the jury on the law
 of self-defense. 
A trial court is
 required to charge only the current and correct law of this State.  State v.
 Harris, 382 S.C. 107, 113, 674 S.E.2d 532, 535 (Ct App. 2009).  The
 law to be charged to the jury is determined by the evidence presented at
 trial.  State v. Brown, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct.
 App. 2004).  If any evidence supports a jury charge, the trial court should
 grant the request.  Id.  A self-defense charge is not required unless it
 is supported by the evidence.  State v. Slater, 373 S.C. 66, 69,
 644 S.E.2d 50, 52 (2007).  
To establish
 self-defense, the law requires that (1) the defendant be without fault in
 bringing on the difficulty; (2) the defendant have been in actual imminent
 danger of losing his life or sustaining serious bodily injury, or he actually
 believed he was in imminent danger of losing his life or sustaining serious bodily
 injury; (3) the defendant show that a reasonably prudent person of ordinary
 firmness and courage would have entertained the belief that he was actually in
 imminent danger and that the circumstances were such would warrant a person of
 ordinary prudence, firmness, and courage to strike the fatal blow in order to
 save himself from serious bodily harm or the loss of his life if his defense is
 based upon imminent danger of losing his life or sustaining serious bodily
 injury; and (4) the defendant had no other probable means of avoiding the
 danger.  State v. Jackson, 384 S.C. 29, 35-36, 681 S.E.2d 17, 20 (Ct.
 App. 2009). 
After a careful
 review of the record, we conclude the trial court did not err in refusing to
 charge self-defense.  The record does not support a self-defense charge as
 requested by Landrum.  The only witnesses that testified in the record were
 Scott, Dr. McCord, Wieder, and Lieutenant McDaniels.  Of them, only Scott was
 an eye-witness.  Scott testified Landrum was the first aggressor and repeatedly
 instructed Landrum to return to his cell.  See Slater, 373 S.C. at
 71, 644 S.E.2d at 53 (holding appellant was not entitled to a self-defense
 charge where the record showed the defendant was the first aggressor and was,
 therefore not without fault in bringing on the difficulty).  Accordingly, we
 affirm the trial court's decision not to charge the jury on self-defense.
B. Lesser Included Offense
Landrum contends the trial court erred in refusing to
 charge simple assault as a lesser included offense of assault upon a state or
 local correctional employee.  We disagree.
In refusing to
 charge simple assault as a lesser included offense of assault upon a state or
 local correctional employee, the trial court reasoned the statute does not
 distinguish between simple assault and aggravated assault.  However, we
 conclude the Legislature specifically intended to define and target this
 specific societal problem of protecting correctional employees by amending and
 adding section 16-3-630 to the South Carolina Code in 1997.  See generally State v. Mitchell, 362 S.C. 289, 297, 608 S.E.2d 140, 144 (Ct. App.
 2005) (overruled on other grounds) (supporting trial court's finding that
 involuntary manslaughter was not a lesser included offense of homicide by child
 abuse by acknowledging that the Legislature's creation of a specific statute
 addressing homicide by child abuse was an effort to define and target that
 specific societal problem).  
Moreover, even if
 the Legislature did not intend to specifically target the offense of assault
 upon a correctional officer, and simple assault is a lesser included offense,
 we find no reversible error in failing to charge simple assault.   The only
 evidence is that the victim was a correctional employee performing his job at
 the time of the assault.  See State v. Davis, 374 S.C. 581, 585,
 649 S.E.2d 132, 134 (Ct. App. 2007) (To warrant reversal,
 a trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant.")  Thus, we conclude the trial court did not err in
 refusing to charge simple assault as a lesser included offense of assault upon
 a state or local correctional employee. 
CONCLUSION
Accordingly, the
 trial court's decision is 
AFFIRMED.
WILLIAMS, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] According to Scott's testimony, a gray bin is a
 plastic storage container in which personal belongings can be stored.  
[3] The yellow line is a protective barrier for the
 corrections officers.  Inmates are not allowed to cross the yellow line unless
 inmates are invited to exit the pod or to conduct business.  
[4] A palm heel strike is a defensive technique designed
 to stop forward momentum, create distance, and allow a person to complete
 another technique.