**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brian Willie Lewis, Appellant.

Appellate Case No. 2017-000482

Appeal From Greenville County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2020-UP-246
Heard September 11, 2019 – Filed August 19, 2020

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek,
Appellate Defender Laura Ruth Baer, and Appellate
Defender Adam Sinclair Ruffin, all of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia; and Solicitor William Walter Wilkins, III, of
Greenville, for Respondent.

**PER CURIAM:** Brian Willie Lewis appeals from his convictions for armed
robbery, possession of a weapon during the commission of a violent crime,

conspiracy, and resisting arrest asserting the trial court erred in (1) including "searching for the truth" language in its reasonable doubt charge, (2) declining to charge his requested jury instructions on identification and credibility, and (3) admitting his out-of-court statements because they were not knowingly, intelligently and voluntarily made.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in including "searching for the truth" language in its reasonable doubt charge: *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("[J]ury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error."); *id.* ("The standard for review of an ambiguous [or defective] jury instruction is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution.");  *State v. Pradubsri*, 420 S.C. 629, 640-41, 803 S.E.2d 724, 730 (Ct. App. 2017) (finding—upon review of the entire charge—no reversible error despite the trial court's truth-seeking jury instruction, observing the trial court's instructions referenced the "beyond a reasonable doubt" standard at least twenty times); *Todd v. State*, 355 S.C. 396, 402-03, 585 S.E.2d 305, 308-09 (2003) (holding, despite the use of truth-seeking language, there was no reasonable likelihood jurors applied the trial court's instructions in an unconstitutional way because the trial court "used alternative methods of describing the [reasonable doubt] standard," and "the trial [court's] careful and exhaustive articulation of the reasonable doubt and circumstantial evidence standard, when examined in its entirety, effectively communicated the high burden of proof that the state was required to establish by the Constitution").

2.  As to whether the trial court erred in declining to charge appellant's requested jury instructions on identification: *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 438 (2011) ("In reviewing jury charges for error, we must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010))); *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011)) ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *State v. Adkins*, 353 S.C. 312, 318, 577 S.E.2d 460, 464 (Ct. App. 2003))); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) ("The substance of the law must be charged to the jury, not particular verbiage.") *id.* ("[T]o warrant reversal, a trial [court's] refusal to give a requested charge must be both erroneous and prejudicial."); *State v. Green*, 412 S.C. 65, 76-77, 770 S.E.2d 424, 430 (Ct. App. 2015) (finding no error in the trial

court's refusal to issue an almost identical identification charge); *id.* at 78, 770 S.E.2d at 431 ("South Carolina appears to fall in the class of jurisdictions that view instructions regarding 'a witness's level of certainty in his or her identification in assessing the reliability of the identification' as 'superfluous when general instructions on witness credibility and burden of proof are given' or 'an impermissible judicial comment on the evidence.'" (quoting *Brodes v. State*, 614 S.E.2d 766, 767, 768 n. 6 (Ga. 2005))).

3.  As to whether the trial court erred in declining to charge appellant's requested jury instructions on credibility: *Barber*, 393 S.C. at 236, 712 S.E.2d at 438 ("The law to be charged must be determined from the evidence presented at trial." (quoting *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001))); *id.* ("In reviewing jury charges for error, we must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial." (quoting *Mattison*, 388 S.C. at 478, 697 S.E.2d at 583)); *Brandt*, 393 S.C. at 549, 713 S.E.2d at 603 ("A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (quoting *Adkins*, 353 S.C. at 318, 577 S.E.2d at 464)); *id.* ("It is error for the trial court to refuse to give a requested instruction [that] states a sound principle of law when that principle applies to the case at hand, *and the principle is not otherwise included in the charge*." (emphasis added) (quoting *State v. Williams*, 367 S.C. 192, 195, 624 S.E.2d 443, 445 (Ct. App. 2005) (emphasis added))); *Burkhart*, 350 S.C. at 261, 565 S.E.2d at 303 ("The substance of the law must be charged to the jury, not particular verbiage."); *id.* ("[T]o warrant reversal, a trial judge's refusal to give a requested charge must be both erroneous and prejudicial."); *State v. Marin*, 415 S.C. 475, 483, 783 S.E.2d 808, 813 (2016) (holding, though a particular charge may have been appropriate, its absence did not mandate reversal when the essence of the charge was encompassed in the jury instructions).

4.  As to whether the trial court erred in admitting appellant's out-of-court statements: *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness [of a statement], [the appellate court] does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("In South Carolina, the test for determining whether a defendant's confession was given

freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession.").

**AFFIRMED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**