**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Samir Kevin Shank, Appellant.

Appellate Case No. 2022-000650

Appeal From Greenville County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2025-UP-114
Submitted March 1, 2025 – Filed April 2, 2025

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Samir Kevin Shank was convicted of assault and battery of a high and aggravated nature (ABHAN), failure to stop for a blue light, and use of

vehicle without permission.  Shank appeals his conviction for ABHAN and sentence of eighteen years' imprisonment.[1]  On appeal, Shank argues the trial court erred by refusing to charge the jury on the lesser-included offense of third-degree assault and battery.  We reverse Shank's conviction for ABHAN and remand pursuant to Rule 220(b), SCACR.

We hold the trial court erred in refusing to charge the lesser-included offense of third-degree assault and battery because the evidence presented at trial supported the charge.  *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Williams*, 427 S.C. 148, 156, 829 S.E.2d 702, 706 (2019) ("In reviewing jury charges for error, we examine the trial court's charge as a whole in light of the evidence and issues presented at trial."); *State v. Rogers*, 275 S.C. 485, 486, 272 S.E.2d 792, 792 (1980) ("The law to be charged must be determined from the evidence presented."); *State v. Mathis*, 287 S.C. 589, 594, 340 S.E.2d 538, 541 (1986) ("A trial [court] is required to charge the jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser, rather than the greater offense."); *Williams*, 427 S.C. at 156, 829 S.E.2d at 706 ("In determining whether the evidence requires a charge on a lesser-included offense, we view the facts in the light most favorable to the defendant."); *State v. Weaver*, 265 S.C. 130, 137, 217 S.E.2d 31, 34 (1975) ("No instruction should be given by the trial [court], at the request of the appellant, which tenders an issue which is not presented or supported by the evidence."); S.C. Code Ann. § 16-3-600(E)(1) (2015) (stating a person commits third-degree assault and battery "if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so"); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of [ABHAN] if the person unlawfully injures another person, and: (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(A)(1) (2015) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ.").  Further, the refusal to charge the lesser-included offense contributed to the verdict and, therefore, was not harmless. *See State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, we

---

[1] On appeal, Shank did not challenge his convictions of failure to stop for a blue light and use of vehicle without permission.  Thus, we affirm his convictions for failure to stop for a blue light and use of a vehicle without permission.

must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))); *id.* ("In making a harmless error analysis, our inquiry is not what the verdict would have been had the jury been given the correct charge, but whether the erroneous charge contributed to the verdict rendered." (quoting *Kerr*, 330 S.C. at 145, 498 S.E.2d at 218)).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.